Filed 5/14/25  P. v. Valdez CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RONALD REYES VALDEZ,<br><br>Defendant and Appellant. | C100458<br><br>(Super. Ct. No. 62154605) |

Appointed counsel for defendant Ronald Reyes Valdez filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Our review of the record has disclosed no arguable errors favorable to defendant. Accordingly, we will affirm.

# I. BACKGROUND

On September 25, 2023, the People filed a first amended information charging defendant with two counts of committing a lewd act upon a child, E.B., (Pen. Code,

1

§ 288, subd. (c)(1)—counts one & two)[1] and two counts of annoying or molesting a child, K.M. and E.B., respectively (§ 647.6, subd. (c)(2)—counts three & four).  The amended information further alleged as to all counts that defendant had suffered a prior section 288 subdivision (c)(1) conviction in 2008.  Finally, the amended information alleged multiple factors in aggravation.  Defendant pled not guilty, and the trial court granted defendant's motion to bifurcate the prior conviction and aggravating factors trial.

At the jury trial, the People presented evidence that E.B. had a sleepover at defendant's house in March 2012 with A.V. and K.M.  E.B. was 15 years old at the time and K.M. was 17 years old.  The girls hung out together on Friday.  On Saturday, defendant purchased alcohol and cigarettes for them, and the girls and defendant hung out together in the garage drinking.

When it got cold, the group moved inside to watch a movie.  A.V. and K.M. laid in a bed they made on the floor in front of the TV and fell asleep.  E.B. sat on the couch with defendant who was charging his ankle monitor.  Defendant rubbed E.B.'s bare thigh with his hand.  She moved her leg away and tried texting K.M., but the message did not go through.  Defendant then put his hand on her shoulder, massaging it.  When defendant tried to move his hand to massage her other shoulder, E.B. got up and laid on the ground with the other girls.

E.B. was afraid to fall asleep given defendant's actions, but eventually drifted off.  E.B. then awoke to feel someone behind her rubbing her vagina over her basketball shorts.  She was sleeping on her side facing her friends and realized it was defendant touching her.  K.M. was also awake and staring right at her.  E.B. pushed away his hand and told K.M., " 'He's touching me.' "  K.M. responded, " 'I know.  He was just touching me.' "  Defendant put his hand up the leg of E.B.'s shorts and touched her vagina again.

---

[1]  Subsequent undesignated statutory references are to the Penal Code.

2

E.B. moved defendant's hand away and started hitting A.V., imploring her to wake up because defendant was touching them. A.V. woke up and told defendant to go to bed. Defendant's wife also came out and asked what was happening, and defendant left the room. The girls discussed what had just happened, and A.V. begged them not to say anything.

Prior to coming forward, E.B. returned to defendant's house for a Cinco de Mayo party because she knew she would be allowed to drink and wanted to spend time with A.V. E.B. tried not to say anything about defendant's conduct for A.V.'s sake, but around June she told her sister and then her father. The next day E.B. and K.M. reported what had happened to authorities in Citrus Heights and then Placer County. After speaking with detectives in 2012, the girls did a pretext phone call with defendant wherein defendant told the girls he was drunk and did not recall anything happening but was sorry if anything had happened. Defendant promised they would talk again in more detail, but he changed his phone number, and A.V. refused to give them the new number.

K.M. also testified, confirming many of the details of E.B.'s account about the weekend. K.M. also recounted that she fell asleep on the floor watching a movie. She woke up when she felt defendant directly touching the skin of her right breast with his hand. K.M. pulled off his hand, but defendant put his hand back on her breast two more times. Defendant then started rubbing her vagina under her shorts but over her underwear. K.M. removed defendant's hand, and defendant crawled to E.B. and lay behind her in a spooning position. Defendant then touched E.B. in the same way he had touched K.M. K.M. delayed reporting what happened because A.V. implored her not to.

The People also introduced evidence of defendant's prior act pursuant to Evidence Code sections 1108 and 1101. J.K. was 15 years old when she worked as a babysitter at a New Year's Eve party thrown by an uncle in 1997. J.K. was upstairs with the kids until they fell asleep and then joined the party downstairs. Defendant brushed up against her a few times at the kitchen island. She went back upstairs after the ball drop to check on the

3

kids, and defendant followed her into the kids' room. The kids were still sleeping, and defendant pushed J.K. against the door. He kissed her neck then groped and kissed her breasts, while holding her in place and telling her to be quiet. Defendant smelled of alcohol and asked J.K. if she had "ever been fucked by an older man." He unbuttoned her pants and forced his fingers into her vagina. Defendant left when he heard some people coming upstairs to check on their children. Defendant came back after the people left. He pushed against her and resumed his assault, kissing J.K. all over and reinserting his fingers into her vagina. J.K. was able to get away and told her uncle's girlfriend what happened. Defendant was forced to leave the party and was convicted for his actions in approximately 2007.

After the People rested, the trial court denied defendant's oral motion to dismiss (§ 1118.1). Sergeant Jeffrey Power testified for the defense that he spoke with K.M. and E.B. over the phone. He did not request or suggest the girls undergo a multidisciplinary interview designed for juvenile victims.

Defendant also took the stand in his defense, testifying that he was an alcoholic at the time of the alleged offense and was drunk on the day in question. He was also drunk the day of the pretext phone call. On cross examination, defendant denied any recollection of anything after he left the garage. He also denied many of the details from J.K.'s testimony but admitted to putting his finger inside her vagina one time.

The jury found defendant guilty as charged. Defendant waived his right to a jury on the bifurcated allegations, and following a court trial, the trial court found the prior conviction allegation and five aggravating factor allegations were true. The court found two aggravating factor allegations not true.

On January 24, 2024, the trial court sentenced defendant to an aggregate prison sentence of 11 years eight months, comprised of the upper term of six years for count three, plus five years for the prior conviction allegation (§ 667.51, subd. (a)), plus eight months (one-third the midterm) consecutive for count two, plus the upper term of three

4

years concurrent for count one, and the upper term of six years, stayed pursuant to section 654 for count four. The court awarded 240 days custody credit and imposed the mandatory minimum fines and fees. Defendant timely appealed.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable errors that would result in a more favorable judgment. Accordingly, we will affirm.

## III. DISPOSITION

The judgment is affirmed.


/S/

_____
RENNER, J.


We concur:


/S/

_____
EARL, P. J.


/S/

_____
MAURO, J.


5